We have a full courtroom today because we are hearing six cases, which is a little unusual, and so I just wanted to let it be known, especially for those who are here for the fifth and sixth cases, we're going to take a break, a ten-minute break after the fourth case, just so y'all can plan for that. Thank you all for being here. I'm always happy to be sitting with these colleagues, with both Judge Luck and Judge Lagoa, and we are going to get started this morning with State of Georgia, and if I mispronounce this, please, somebody correct me, versus Eric Heinze and Christopher Hutchins, and Ms. Pollack, I see that you have reserved three minutes for a break, so please go ahead and get started when you are ready. And just so you know, for those who are not familiar, we are operating under the traffic light system. You'll get the two-minute warning if the yellow light goes on, and when the red light goes on, if you would, just sort of complete the thought, but don't keep going forever. You may proceed. Good morning. May it please the Court, again, my name is Ruth Pollack, and I'm representing the State in this appeal. The State of Georgia is appealing the district court's order denying its motion for a limited remand. That order effectively enjoins the State from exercising its right under Georgia law to seek a superseding indictment. Is it really stopping the State from exercising its right? Aren't there other options, as the district court stated in its order? You have other options to seek a superseding indictment? No, Your Honor, we don't believe that we do. First, the removal of the case to federal court divested the State Superior Court of Georgia. I think that's what this comes down to. Where do you get that from? Where does that – you're making an assumption there, and I want to know where that assumption comes from. Well, Your Honor – And I take that to be the underlying premise of Judge Branch's question as well. Certainly. So under 28 U.S.C. 1455 D.V. 5, once the district court determines that removal shall be permitted, it's supposed to notify the State court in which the prosecution was pending, which shall proceed no further. Okay, so I've honed in on that exact statute also, and I think that is the relevant place to look. So the key phrase there is the one after the comma, which says, which shall proceed no further. Correct. You read that to mean that that modifies State court, and then you read State court to mean the State Circuit Court or the State Superior Court, which includes the grand jury. That's sort of how your analysis works. That's correct, Your Honor. But under the last antecedent canon, what we do is when we have an antecedent phrase like that, we apply it to the last noun that it modifies instead of the noun before it. But you're applying it to State court. Why is it not specific to prosecution, which would be the noun, the last antecedent noun? Your Honor, what makes this case unique is that it is a State prosecution that's been removed to... No, no, but that's not answering my question. Why would that phrase not modify prosecution as opposed to State court? The way in which that portion of the statute is written, which shall proceed no further, it doesn't... In which the prosecution is pending, comma, which shall proceed no further. Why should which shall proceed no further not modify prosecution, not State court? Well, the case, the prosecution is proceeding in the district court. No, it's not in State court. That's the whole point, meaning the prosecution in State court is not proceeding any further. It's now in Federal court. But that doesn't mean that the entire State court isn't joined from doing anything, having anything to do with related to this case. I mean, for example, what if there was a third person who the grand jury was investigating? Your reading would suggest that the State court can't do anything once this thing is removed as to these two. But that can't be right. Your Honor, the State believes that's precisely the meaning of that statute. But is there anything under Georgia law? Because under Florida law, the U.S. Attorney's Office or the State Attorney's Office could go back and supersede the indictment, and then it would probably be removed again into Federal court. But there's nothing prohibiting the State Attorney from superseding the indictment in Florida. Is there something prohibiting Georgia from doing that? Your Honor, yes. The State believes that Georgia law does prevent the State from pursuing a superseding indictment while the case has been removed to Federal court because of the statutes that talk about the authority of the grand jury under Georgia law derives from the superior court. If your reading is wrong of 1455b-5, if you're wrong that which shall proceed no further does not modify State court but instead modifies the prosecution such that only this prosecution, which is defined as a criminal proceeding in which an accused is tried, in other words, the trial of these particular accused is what is enjoined and shall proceed no further, then you would agree the State's hands would not be tied. No, Your Honor. In this particular case, the State's hands would still be tied because one of the charges that the State wishes to pursue under a superseding indictment has an issue with the statute of limitations. No, but you're not answering my question. I don't agree with your reading of 1455b-5. If I think that the modification of which shall proceed no further only applies to the prosecution and not to the State court, does that not then untie your hands? It does not, Your Honor, because of other Georgia law. Pursuant to OCGA 16-1-7b, if several crimes arising from the same crime are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. Right, right. But how would that prohibit you from going to the grand jury to get an indictment that includes all of that? Your Honor, then there would be two alternative prosecutions. No, no, no. Once you supersede, the prior indictment goes away. But, Your Honor, the State does not have the ability to see. I know, but so that gets back to the — counsel, please listen to me. This gets back to the point. If your reading of the statute is wrong and you no longer — and you now have the ability to go supersede. Your Honor, we still have a problem under Georgia law because the alternative count that we seek to bring on the conspiracy charge in lieu of the false statement charges has a four-year statute of limitations. The State would be barred from seeking to obtain a superseding indictment, at least as to that count, because of the pendency of this case that's been removed. Why? Let's pretend for the moment that this case had never been removed and it's in Georgia Superior Court. You would have no problem going to the grand jury to get a superseding indictment, right? Absolutely. Right. The Supreme Court has told us that the only thing that matters here is the forum, that everything else is the same, right? You rely on that law. Yes. Okay. And I'm telling you that — let's pretend for a moment that your reading of 1455b-5 is wrong, that there's nothing prohibiting the State court from proceeding other than with the prosecution pending, and the prosecution pending only is the criminal proceeding in which the accused person has tried, in other words, the trial and its proceedings. That doesn't prohibit the grand jury from doing anything, does it? Well, Your Honor, if the State, assuming for the purposes of this argument that the State has the ability to seek a superseding indictment — Let's assume that for the moment. — that would still be a problem because the defendants would have the ability to, again, seek to remove — But of course, but they have the ability to remove anyway because they're federal officers. Right. And you've made the decision to charge them in State court, and they're federal officers. So under the statute, they have the ability to move it to a federal forum because they are still federal officers. Right. That's exactly what's going to happen. You're going to supersede — But — — and they're going to remove. But there can't be multiple prosecutions — There aren't. Once you supersede, the whole thing goes away. It is a melody. Your Honor, we don't believe that we have the authority to be able to — Well, again, going back to my pretend world, you brought this in State superior court under an original indictment. What happens when you supersede? The State has to elect which of the indictments it would proceed to trial. Where is that under Georgia law? Your Honor, I'd have to — That can't be true. I'm not an expert in Georgia law at all. I'm not barred in Georgia. What you just said can't be true. Your Honor, the State does have the ability to decide which of the indictments it would want to proceed on. You're telling me that in Georgia law, there can be two separate indictments that allege some of the same crimes with the same incident, and the State can choose which one to go for? That's — The whole point of a superseding indictment is it supersedes that which existed beforehand. Correct. That's the whole concept. Well, Your Honor — You're just talking about two separate successive indictments, which can't be on the same exact crime. Your Honor, the State would have the ability to proceed to trial on either one of the indictments so long as it made that decision. It couldn't have both of them pending at the same time while — Right. In other words, it can't exist. So a grand jury cannot return to superseding indictment, and the other one exists because two indictments cannot exist at the same time. I'm sure Heidenberg made some sort of rule about that. Well, they can. It's just for purposes of proceeding to trial, the State must elect which of the indictments it would proceed on. What are we talking about? If you're not going to go to trial on the superseding indictment, then what are we talking about? Your Honor, in this case, the State does not believe it has the ability to be able to modify the charges against the defendants because of the removal. The State feels that it's — I know. But let's assume for the moment that you're wrong about that. Then we don't have — but that problem might be a problem with Georgia law, nothing to do with us. But under removal, we proceed under the substantive law of the State and under the procedural law of the Federal courts. Right. So if there's a problem under State law, which there would be, the State still has a problem. The State would not be able to effectively exercise its right under Georgia law to superseding indictment or modify the charges prior to trial because of that problem. Because you're not in superior court, because you're in Federal court. And we — You don't have the ability to seek charges in Federal court. We must return that to the State court, to the Fulton County Superior Court. Let me ask you — let me ask you a different question about a different alternative, because the District Court alluded to alternatives. You're — by suggesting that you have a statute of limitations problem on the conspiracy count that you would like to add, is that why — or do you view that you could not null pros or dismiss this indictment and then start over? Correct. That's part of it. But it would only affect the conspiracy count. It would not — you're adding another murder count. That would not be affected, correct? Correct. Not for a statute of limitations problem. We do believe there would also be a problem with the State's ability to seek a null pros under OCGA 17-8-3 because that statute provides that the case must be examined in open court. Yeah, but that's — that's State procedural law. As you pointed out, Federal procedural law applies here, and Federal procedural law is Rule 48A, which gives the court leave to — and permission to, at your request, to dismiss, without prejudice,  Then the State would still have the problem of being able to pursue at least the conspiracy charge that it wishes to pursue. I don't understand, though, how that's a collateral — how that would give us jurisdiction under the collateral order doctrine. You may be right that you may be in a box, but that's your own box. That has nothing to do with the collateral order doctrine. The collateral order doctrine only applies categorically to all similarly situated. But all similarly situated cases don't have statute of limitation problems. Most States actually know — are competent and know what they're doing. So we don't have that situation here. Well, the State of Georgia is required to follow the Georgia laws as far as the statute of limitations, and therefore — Yeah, but how does that give us jurisdiction under the collateral order doctrine for the reasons I just articulated? That alone would not. But that does help to satisfy the requirements of the collateral order doctrine, that is, that the district court's order conclusively determines a disputed question, it's completely separate from the merits of the case, and it's effectively unreviewable on appeal from the final judge. But effectively categorically. In other words, we don't look at things by your case. Yes, your case might be unreviewable for the reasons you've just stated because you didn't do things the right way. But categorically, that's not true. Your Honor, as the case stands right now, the State feels that its hands are tied. It is unable to return back to a superior court grand jury in order to seek a superseding indictment because the State does not have the authority to be able to simultaneously act on this case when it's been removed to federal court. And we believe that that is — that's why we've asked the court to reverse the district court. Thank you. You have reserved three minutes for rebuttal. Thank you, Your Honors. Mr. LaRusso. Good morning. I am Lance LaRusso, together with Ken Davis. I represent Eric Hines, correct pronunciation, Your Honor. Do you know anything about Georgia law? Fair enough, Your Honor, hopefully. Is — is — is counsel right that they could proceed on two separate existing indictments as long as they want to? The court is spot on. I'll cut straight to the point. The court is spot on. The State misread 1455. The State has been operating under a mistaken — I don't know if it's a statutory argument or a gap in logic, but the 1455 states that when a federal judge writes an order to the State court, superior court, the State-level court, and says you can go no further, that case can move no further in the prosecution. That's right. It's just a prosecution. It doesn't mean that they can't go back and supersede the indictment. You're absolutely right, Your Honor. And it's interesting. I was sitting there writing a note, and there is absolutely no case that says that when a case is removed to federal court and that order under 1455 goes to a State-level court, that that court loses all jurisdiction to enact a grand jury for superseding indictment. And this has been the failure of the logic in this case. The collateral order doctrine doesn't apply. 1292 doesn't apply because it doesn't apply to criminal cases. The Ritz Act doesn't apply because we can't change statutes here. It all hinges on their reading of 1455b-5. And if they're wrong about that, then there's no way we could have jurisdiction over this case. You're absolutely right, Your Honor. And there's another issue here, too, that has been overlooked. And it really — you know, the Court was kind enough to bring Scheer to our attention and ask us to look at that case. When we had the hearing and the judge was looking at whether or not this superseding indictment would be brought, the judge was asked to do a limited remand for the purpose of a superseding indictment. When the Court looks at the context of that — and I would ask the Court to look at the transcript from the May 11, 2023 hearing. It was a conversation that the Court had over the phone with us. And the Court was saying, OK, you filed this motion for a limited remand on the eve of a hearing that's been set for five months. I want to know why. And I want to know why now. The state's statement that they have an unfettered right to bring a superseding indictment is not exactly true. I understand that the state has a right to bring superseding indictments. But the Court wanted to know why. And the Court inquired. We have witnesses coming in. Mr. Samuel and Ms. Clark Palmer have an eight-week trial coming up. The Court has a trial coming up. This was a scheduling inquiry. In fact, the Court specifically said, is the state's position we cannot go forward with the hearing that's scheduled for next week? And we heard, that's the state's position. The prosecutor said, it would be entirely inefficient. All of this information, all of this information about the state's rights, the injunction, there is no injunction. The Court's absolutely right. They are not prevented from doing anything. Let me, I will say this, counsel. If their reading of 1455B5 is right, then they do have a point about whether this is reviewable or not. But it seems to me to hinge on that. And so that's why I started off that way. And that's why I want to focus on that, or I tried to focus counsel, your opposing counsel, on that. So from my perspective, why is it that that clause doesn't apply to state court as your opposing counsel suggests it does, and instead applies to the prosecution? I mean, that really, to me, is the rub of this case, the issue that we have to decide. Because if it does, then the jurisdiction, then there is jurisdiction, then they can go below, which means that there isn't collateral order jurisdiction, and the whole thing needs to be dismissed. If I could, Your Honor, specifically keep in mind that this is not a final order. But as to the reading of 1455, that makes no sense that a federal court can say to a state court, your jurisdiction ends here. What the court says, because of your federal officers, is you can't prosecute them any further. It doesn't say you can't use state-level prosecutors to do it. It doesn't say you can't use state-level funds to do is now going to be held in the courthouse across the street. And we have argued that many times, and that's what the court was concerned about. I'm going to control my calendar. This case does not change the procedural posture at all. All it says is that we are in the federal courthouse. I know, but they are right that they do have the authority to supersede at any time they want. Now, there may be some things that a court can do to sanction opposing counsel for its activities for waiting so long. I don't know what the answer to that is. But we would have been in the same boat if they did have the power to go down. They did on the eve of this hearing that was scheduled and said, Judge, we got new charges here, which changes the whole landscape, and we need to do things differently. And now there's a new indictment, which is in state court, and they can choose to remove that or not. But right now, there's now an indictment in state court. That would change things. And I don't think that they'd be prohibited from doing that. If I could address that directly, Your Honor, and that's where the importance of Judge Calvert's order comes in. And if the court reads it, read it carefully, and you will see. She does not say no. She never says you cannot get a limited time. I agree with you. She never says you cannot get a superseding indictment. She says, not now. Not while I have No, she says, I don't have the authority to do what you're asking me to do. And by the way, even if I did have the authority to do it, I wouldn't because of timing issues and things like that. Regarding the order, she says, I don't know if I know. And she was on the urge, she was on the verge of the hearing and stated, and I can quote the order, what she says is, at this time, now, if you think about this situation, if the judge was going to analyze state law, as you're talking about, if she was going to analyze the rights of the party, that derails This is page four of the order, docket entry 77. Quote, The court is not convinced it has the authority to permit a limited remand. Exactly. It's not convinced. She didn't do the analysis because she had a hearing on her docket and said, we're moving forward. I don't read orders the way that you're stating counsel. If the court says it doesn't have the authority to do something, or it knows of no authority to do something, that is a ruling, it doesn't have the authority to do it. That's just being fair to what the judge is trying to say. I agree with you, Your Honor, but I think we also need to look at the great pains that Judge Talbert went to to sort this issue out. She had a hearing and asked the state, what authority do you have that says I need to do this? I want to be clear with you. You agree that they are allowed at any time to go seek a superseding indictment, correct? Not at any time. They cannot do so in a manner that would be vindictive, would be for an improper purpose, and they cannot interfere with the scheduling of the court. And I think this judge was within her right to control her docket and say, you can do this, maybe, I'm not sure, but we have a hearing, we have witnesses flown in. As a matter of fact, the hearing Did they need her permission to do it? No. Right. So then what are we talking about here? What we're talking about is the fact that the court asked, they asked the court for permission and the court said you have to do it. I know, but they never had to do it. The whole point is they never had to. They could have just done it. And the implications of that are not before this court. Right, because it's specifically not before this court, because the procedural posture right now is we have evidence in the can, we have a record, and this court has the ability to rule on the issue pending before her right now, which is supremacy clause immunity and immunity under state law. She specifically stated in the oral argument, do I need anything further? Do these superseding charges, whatever they are, change that burden? Imagine, I'm going to ask you to do the same thing I did with your opposing counsel. Imagine for the moment we were in Georgia Superior Court and the question, there was, these charges were pending in Georgia Superior Court and on the eve of, because you could have asserted the federal immunity in state court if you wanted to. So on the eve of that hearing, the district attorney's office or the prosecutor went to the grand jury, the grand jury sought an indictment, and the grand jury returned a superseding indictment in the case. What would happen? The judge would have to look to see whether or not there was any impropriety. The judge would determine whether or not the first indictment could be dismissed, and then they would proceed with the evidence that they had in hand because the hearing pending right then was immunity, which has nothing to do with whatever charges. They don't have to be arraigned immediately on the superseding indictment, and then you can seek to dismiss it for vindictiveness or for something else? I don't believe they do, Your Honor. I would have to look at the specifics of it. Counsel, counsel. I would have to look at the specifics of it, Your Honor. You're telling me before someone's arraigned, you can even charge, they're not even allowed to be arraigned on it because of those things? The question is, and we're not here in that pocket. I know, but counsel, I'm asking you to tell me, to advise me as someone who is an expert on Georgia criminal law, to be able to tell me what I believe to be true, I don't know it for a fact, that if they seek a superseding indictment, the procedure is they get arraigned on it, and then if you believe there's vindictiveness or unconstitutionality or it was done for bad purpose, you can seek to dismiss on those grounds, right? First, I would decline the title of an expert on criminal law, but I would say, Your Honor, that at that point, we would have to look at, I would have to go research it. I'm not exactly sure as we sit here, but I do know that what was pending in the federal court was a hearing that had been scheduled for five months with regard to this hearing, and that's one of the reasons why the collateral order was so hard. But the state could have shown up to the hearing and said, Judge, we superseded the indictment. They've been there, and they made no effort to do that. The other thing they could have done as goal was to say, Judge, are you saying never or not now? And we've all tried cases. Everyone on this bench has been a trial lawyer before. Clarifying the judge's order was something that was within their obligation to do, and I think a fair reading of this, Judge Calvert said, not now. She did not say, no, you can never get one, which is the reason I don't think it was an enjoining and the reason why it's clearly not a final order under the collateral order doctrine. It also doesn't apply under the second prong of the collateral order doctrine under Cohen because it does not have sufficient, it does not rise to the sufficient level of importance that's promulgated in Scher and Cohen and all of its progeny. You're talking about the substantial public interest. There isn't one here. These cases are very rare, and the state had the ability many, many times to say to the court, how do you want to handle these superseding indictments? We put a scheduling order in place January 23rd of 2023. But it either has to get the court's permission under 1455B5 or not. In other words, you seem to suggest that there needed to be some large conversation and the court needs to bless the procedure. Sure, that's probably the nice thing to do to a court is to give it a heads up that, hey, your entire indictment is gone and your schedule is going to be to pot, but prosecutors are required to do that, and a court can't enjoin them from doing that. And that's really the whole point of this, which is the district judge had no authority to tell the state it couldn't go to a grand jury to seek an indictment, and the prosecutor doesn't need the court's permission in order to do it. That's really where we're at, right? And, yes, that's where we're at, and the court never told them they couldn't do it. The court specifically said you have other avenues. And four lawyers at the counsel table didn't look at the judge and say, Judge, whatever, what do you believe we can do? And if you look at that hearing and you look at the questions that were asked, I firmly believe that Judge Calvert would have said, okay, look, if you believe that you can do this now, if you believe that you have to do this now, she could have put it off. But you cannot look at her control of her docket, which is what this was, in a vacuum. You have to look at what she was faced with. The hearing that she afforded on this motion for limited remand, she got one day. But you have a written order that was entered in June 23rd of 2023 where she denies the state's motion. Yes. Is that not conclusive? It's not conclusive as to why. I believe the reason she denied it had to do with the fact that there was a time frame issue. She denied it. Counsel, I just read you the part of the order. I don't want to read it again. She believed she did not have the authority to do what they were asking to do. In addition, what you're saying, which is, even if I did have the authority, I wouldn't exercise it here. That's what she does, right? Just careful judging. That's what she says. But again, it was not clarified at all. There was nothing else done. And the timing of that order, Judge Agloa, I would say, supports the fact that the court's docket was at issue. She did not issue that order until several, almost a month after the actual oral argument took place. This issue is raised in Scheer, which is a case that you pointed our attention to. And if you look at page 1253 of the opinion, it specifically says that one of the reasons why the collateral order rule is so narrow is because the court should not be getting involved in every dispute that happens in a court. Because as the court says, the court's, district court's role in managing ongoing litigation and seek to avoid the inevitable creation of inefficiencies if an appellate court could review issues before the district court had an opportunity to address often interrelated questions. And that's what you saw here. You had a judge who was asked on the eve of a hearing, we want to go back, give us a limited remand. She said, I don't think you need it. And to your point, Judge Luck, she also says that given the limited role of judges in the grand jury process, I don't think you need my permission. Let me ask you a question though. Let's assume that the June 23rd order conclusively determines a disputed question. Do you concede that it would be effectively unreviewable on appeal from a final judgment? I couldn't understand, you said unreviewable? Unreviewable. It is unreviewable on appeal. Because it has to fit every facet of Cohen and it does not. It doesn't fit the second facet and it also doesn't fit the third point. And specifically because there is nothing pending in the court right now that would make a difference as to the court's determination. The court wrapped up because we took one day of that hearing. We had to go to another week to get the rest of that hearing done. The court has had all of the information there. And the only thing for the court to rule on right now is the immunity. The immunity is for conduct. The immunity has nothing to do with the charges that are selected by the state. So for example, Judge Locke, as an example, if I could bring you this. If a federal officer shoots an individual and they're charged and they remove quickly and the case is removed, the superior court has no jurisdiction. If the person dies during dependency of that hearing, the court can still hear the immunity motion because it's the conduct, the federal conduct at issue. And I see I'm out of time. I can answer a question if you have any. Thank you. Ms. Pollack, you have three minutes left. Thank you, Iron. Addressing the last point that my colleague was making, the judgment of the district court or the district court's order would be effectively unreviewable on appeal because the state will lose any possibility of seeking a superseding indictment or modifying charges once a jury is sworn. Let's assume your reading of the statute is correct, right? And this case is still proceeding in front of the district court. That has not stopped. So that is an important enough interest to fall under the prongs of Cohen. That's why this court should decide, excuse me, that it has jurisdiction under the collateral order doctrine because that interest, that right under Georgia law is that important. And it's completely separate from the underlying issues. Can the state prove the charges that are pending against the defendants? What will the district court decide on the issue of immunity? It's completely separate. And this court needs to address it now. It's that important. And that's the reason why we've asked the court to reverse the district court. So let me ask you. So you have said you don't believe you have the ability while this matter is pending in federal court to go and seek a superseding indictment. You've obviously heard today during oral arguments some suggestion that you might be wrong. Is there anything other than your opinion on the statutory framework prohibiting you from trying right now to seek a superseding indictment? Is there anything that would prejudice the state in any way if you were to walk out of and go do what we've talked about today? Arguably, the state could be acting in bad faith. We have conducted extensive research to see if we could find guidance one way or another to tell us, yes, we have that ability to seek a superseding indictment or no, we do not. And there is a complete absence of any guidance whatsoever. And so it would be inappropriate for the state to attempt to circumvent the authority of the district court by attempting to seek a superseding indictment without some. Even where the district court says to you in its order, I believe the state has the authority to do this without me giving a moment of remand. That's not enough to overcome bad faith? It's not based on how we're reading. How many judges does it take? Are we somehow better than the district judge here? I don't understand why my position gives me any more authority to give you authority to do what you need to do. Well, Your Honor, the district court's order also contains some findings of fact, which are simply incorrect. Well, that might be true. I'm not saying you shouldn't appeal, but this goes to Judge Branch's question. The district court explicitly said you had the authority to do this. It believed you had the authority. How is that not overcome a bad faith question? Hey, Judge, we just relied on exactly what you told us. Your Honor, the state had explained to the district court that we had consulted with multiple experts in an attempt to resolve this issue. But I'm no better than any expert you consulted with. If I say you can do it, you'll just say the same thing, which is, oh, well, some expert said Judge Luck is wrong. And I understand that you were making this argument to Judge Calvert, but Judge Calvert disagreed with you and said that you could. So it would be, I would imagine Judge Calvert would be hard-pressed to say you were proceeding in bad faith if you went and did exactly what she said you could do. What about, do you suffer, is there any harm that is suffered by the state, at the state level, if you were to try to seek a superseding indictment? Then we run again into the issue of the statute of limitations on the conspiracy charge that you wish to also seek. So, yes, the state would suffer harm. So. That's true no matter what. That's true no matter what. I don't understand that if you're seeking a superseding indictment and you have a statute of limitations problem, wouldn't you have that problem if you were proceeding, if this had not been, had not been removed to federal court? And because under Georgia law, there's a relation back. If a case is null-prossed or an indictment is quashed, the state has the ability to relate back. Right. So if you'd use Rule 48 here and dismiss, which is the null-pross of the federal system, and then went back, the relation doctrine would apply. Your Honor, again, we don't feel that we are authorized under federal or Georgia law. So it all comes down to the authorization. That's what it comes down to. It does. Okay. Thank you. Thank you both. Thank you both. Wow. Thank you. Our second